HAWKINS, Senior Circuit Judge,
dissenting:
I respectfully dissent from the decision of my colleagues. Although I agree that California’s claim of “fraud in the incep *740 tion” is a form of fraud in the execution that could render an arbitration agreement unenforceable, this case does not present such a claim.
California courts explain that in a case of fraud in the inception “the promisor is deceived as to the very nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all” such that mutual assent is lacking. Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal.4th 394, 415, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (1996). A claim of fraud in the inception arises when “without any negligence on his part, a signer attaches his signature to a paper assuming it to be a paper of a different character.” Id. at 420, 58 Cal.Rptr.2d 875, 926 P.2d 1061. Examples of such eases include a plaintiff who believed she was signing a contract to loan money, but the contract in fact authorized the defendant to sell plaintiffs stock, Rice v. Dean Witter Reynolds, Inc., 235 Cal.App.3d 1016, 1 Cal.Rptr.2d 265 (1991), overruled in part on other grounds by Rosenthal, 14 Cal.4th at 407, 58 Cal.Rptr.2d 875, 926 P.2d 1061; and a plaintiff who believed she was entering a contract to take a personality evaluation, but the contract instead provided that the plaintiff agreed to participate in an online marketing campaign “prank,” Duick v. Toyota Motor Sales, U.S.A., Inc., 198 Cal.App.4th 1316, 1321, 131 Cal.Rptr.3d 514 (2011).
Far from alleging facts analogous to these California cases, DKS’s complaint alleges that (1) it was fraudulently induced into the Consulting Agreement, and (2) CBS and its employees acted tortiously in their performance of the agreement. Although DKS alleges that the entire consulting arrangement was part of a fraudulent scheme, California distinguishes cases involving a “grand scheme” of fraud from cases involving fraud in the inception. See Rosenthal, 14 Cal.4th at 418-19, 58 Cal.Rptr.2d 875, 926 P.2d 1061. Because DKS does not specifically allege that the arbitration provision itself was fraudulently induced, all claims falling within its scope are for the arbitrator. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).
Nor am I persuaded by DKS’s alternative argument that the claims asserted in the complaint fall outside the arbitration provision’s scope. Although the parties have indicated that the claims in the complaint have changed in some respects over the course of litigation, at least some of the claims in the complaint before us are subject to arbitration. For example, the complaint asserts a claim of professional negligence predicated on allegations that CBS breached duties owed to DKS as a result of the professional (consulting) services that “DKS engaged them to perform.” Certainly, that claim constitutes a “dis-puten of any kind between [DKS and CBS] arising out of or in connection with [the Consulting] Agreement.”
Therefore, I would remand for the district court to compel arbitration on all remaining claims that fall within the arbitration provision’s scope.